**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIM. NO.: 09-cr-00013** |
| v. | ) | |
| | ) | |
| **SEAN GERARD**, | ) | |
| | ) | |
| Defendant. | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

<u>**MEMORANDUM OPINION**</u>

Finch, Senior Judge

      This matter comes before the Court on Defendant Sean Gerard's Motion to Dismiss for Lack of Subject Matter Jurisdiction or Improper Federalization. Defendant asserts that prosecution in this Court of the first degree murder charged as a violation of Virgin Islands law frustrates Congress' intent to grant original independent jurisdiction over territorial criminal offenses to the Superior Court of the Virgin Islands. A hearing was held on the matter on February 24, 2010. For the reasons that follow, Defendant's motion will be DENIED.

### I.      Background

      Defendant is alleged to have shot and killed Alfred Hendricks on May 6, 2009. At the time of the shooting, Defendant did not have a license to possess or carry a firearm. Moreover, Defendant was then on release from pending robbery and assault charges in the Superior Court stemming from a December 17, 2002 incident. A warrant had been issued for his arrest that year, but he had fled the jurisdiction. On October 5, 2005, Defendant was convicted in Virginia for the felony of possession of marijuana. On December 10, 2008, Defendant was extradited to the

Virgin Islands pursuant to the 2002 Superior Court warrant. Formal charges related to the 2002 incident were filed on December 23, 2009 and Defendant was released on bail. Following the May 6, 2009 shooting, Defendant was detained and is currently in custody.

On June 16, 2009, the Grand Jury indicted Defendant with two criminal counts under federal law and two counts of territorial offenses: (1) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); (2) receiving a firearm while under information in violation of 18 U.S.C. § 922(n);[1] (3) first degree murder, in violation of 14 V.I.C. § 922(a)(1); and (4) unauthorized possession of a firearm, in violation of 14 V.I.C. § 2253(a).

## II.      Analysis

Defendant's objection to the jurisdiction of the district court hinges upon his interpretation of Rev. Organic Act § 22(c), codified under 48 U.S.C. § 1612(c), which provides:

> The District Court of the Virgin Islands shall have concurrent jurisdiction with the courts of the Virgin Islands established by local law over those offenses against the criminal laws of the Virgin Islands, whether felonies or misdemeanors or both, which are of the same or similar character or part of, or based on, the same act or transaction or two or more acts or transactions connected together or constituting part of a common scheme or plan, if such act or transaction or acts or transactions also constitutes or constitute an offense or offenses against one or more of the statutes over which the District Court of the Virgin Islands has jurisdiction pursuant to subsections (a) and (b) of this section.[2]

---

[1] Defendant suggests that this section is only applicable when the alleged offender is under *indictment,* whereas defendant was under *information* in the Superior Court. The Government disagrees, citing 18 U.S.C. § 921(a)(14), which provides that "[t]he term "indictment" includes an *indictment or information* in any court under which a crime punishable by imprisonment for a term exceeding one year may be prosecuted" (emphasis added). The Court finds that 18 U.S.C. § 922(n) is applicable to defendant.

[2] Subsection (a) provides that

> The District Court of the Virgin Islands shall have the jurisdiction of a District Court of the United States, including, but not limited to, the diversity jurisdiction provided for in section 1332 of Title 28, and that of a bankruptcy court of the United States. The District Court of the Virgin Islands shall have exclusive jurisdiction over all criminal and civil proceedings in the Virgin Islands with respect to the income tax laws applicable to the Virgin Islands, regardless of the degree of the offense or of the amount involved, except the ancillary laws relating to the income tax enacted by the legislature of the Virgin Islands. Any act or failure to act with respect to the income tax laws applicable to the Virgin Islands which would constitute a

Defendant opposes the district court's jurisdiction pursuant to § 1612(c) on two grounds. First, he argues that the plain language of the statute applied to the facts in his case do not trigger subject matter jurisdiction under the Revised Organic Act. Specifically, Defendant argues that "being a felon" does not "grow out of," and is not a part of the same act of a criminal offense that occurs later in time. Second, Defendant states that, even if the statute could be read to permit concurrent jurisdiction here, prosecuting the case in the district court will frustrate the intent of Congress to grant greater autonomy to the Virgin Islands.

## A. Application of § 1612(c) to the Charges Against Defendant

The terms of the statute indicate that the district court will have jurisdiction over any conduct which gives rise to a local offense if that same conduct also gives rise to a federal offense. As this court explained in *United States v. Williams*, the district court has ""supplemental" jurisdiction concurrently over those territorial criminal offenses that grow out of conduct that

---

criminal offense described in chapter 75 of subtitle F of Title 26 shall constitute an offense against the government of the Virgin Islands and may be prosecuted in the name of the government of the Virgin Islands by the appropriate officers thereof in the District Court of the Virgin Islands without the request or the consent of the United States attorney for the Virgin Islands, notwithstanding the provisions of section 1617 of this title.

Subsection (b) provides:

In addition to the jurisdiction described in subsection (a) the District Court of the Virgin Islands shall have general original jurisdiction in all causes in the Virgin Islands the jurisdiction over which is not then vested by local law in the local courts of the Virgin Islands: Provided, That the jurisdiction of the District Court of the Virgin Islands under this subsection shall not extend to civil actions wherein the matter in controversy does not exceed the sum or value of $500, exclusive of interest and costs; to criminal cases wherein the maximum punishment which may be imposed does not exceed a fine of $100 or imprisonment for six months, or both; and to violations of local police and executive regulations. The courts established by local law shall have jurisdiction over the civil actions, criminal cases, and violations set forth in the preceding proviso. In causes brought in the district court solely on the basis of this subsection, the district court shall be considered a court established by local law for the purposes of determining the availability of indictment by grand jury or trial by jury.

48 U.S.C. § 1612 (a)-(b).

also offends the federal criminal law." 41 V.I. 394, 396, 1999 U.S. Dist. LEXIS 12960 (D.V.I. 1999).

The Court finds that the local crimes charged, unauthorized possession of a firearm, and first degree murder are "part of" the same alleged "act" which constituted an offense of federal law: defendant's unauthorized and felonious possession of a firearm that was used to kill Alfred Hendricks. Defendant misstates the federal charge against him. He was not charged as simply "being a felon" but for being a felon in possession of a firearm. This was not merely a "preexisting condition," but rather a violation that occurred at the moment of the shooting, when he was in possession of the firearm in violation of both federal and local law.

### B. Interpretation of § 1612(c)

Where the plain meaning of a statute is clear, the statute must be interpreted accordingly. *See, e.g., Coraggioso v. Ashcroft*, 355 F.3d 730, 733-34 (3d Cir. 2004) ("in the absence of a patent absurdity, we must interpret a statute according to its plain meaning"). Thus, "where the statutory language provides a clear answer, our inquiry usually ends." *Id*. (citing *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999)). The language of § 1612(c) is admittedly broad but explicitly provides concurrent jurisdiction over any local crime that constitutes "the same or similar character or part of, or based on, the same act or transaction" as the act that offended federal law. Defendant concedes that a literal reading of the statute provides the Court with jurisdiction over the local crimes he is charged with. However, he opposes a literal application of § 1612(c) because he contends that allowing the district court jurisdiction over local crimes involving firearms by prior felons interferes with the opportunity of the Superior Court to try traditional state crimes, contrary to the objectives of Congress when it granted local lawmakers

the power to establish a local court. The Court disagrees that the district court's concurrent jurisdiction over the above-cited crimes under § 1612 runs counter to congressional intent.

As the Supreme Court has noted, "the text of the relevant statute provides the best evidence of congressional intent." *Greenlaw v. United States*, 128 S.Ct. 2559, 2572 (2008). In the case of § 1612(c), the language of the statute itself states that the district court has "concurrent jurisdiction" with the courts of the Virgin Islands established by local law, thus demonstrating that the prosecution of local offenses in federal courts in certain circumstances was not "contrary" to the intent of Congress. Defendant also alludes to legislative history as a guide to congressional intent. However, this Court already addressed an argument similar to the defendant's in a prior case where it found that the intent of Congress in amending sections 21 and 22 of the Revised Organic Act[3] was "not to expand the jurisdiction of the local courts" but to "eliminate the . . . situation of both the district court and the local court having jurisdiction over *strictly* local causes" and to confer on the District Court the jurisdictional attributes of an Article III court. *United States of America v. Charles*, 30 V.I. 143, 147-48, 1994 U.S. Dist. LEXIS 21101 (D.V.I. 1994) (citing 130 Cong. Rec. S 10527) (emphasis added). As the *Williams* court noted, concurrent jurisdiction of the district court in the Virgin Islands must be retained because of the Supreme Court's holding that the double jeopardy clause, as applied to the territories, prohibits a Virgin Islands Attorney General and a United States Attorney from both prosecuting

---

[3] In 1984, Congress amended sections 21 and 22 of the Revised Organic Act. Significantly, section 21 granted divestiture power to the Virgin Islands legislature, allowing it to "vest in the courts of the Virgin Islands established by local law jurisdiction over all causes in the Virgin Islands over which any court established by the Constitution and laws of the United States does not have exclusive jurisdiction." However, pursuant to section 21 "such jurisdiction" was "subject to the concurrent jurisdiction conferred on the District Court of the Virgin Islands by section 22(a) and (c) of this Act." Revised Organic Act, § 21(b); 48 U.S.C. § 1611(b). The terms of section 21 carve out an exception for the divestiture powers of the V.I. legislature to ensure that the District Court retained concurrent jurisdiction.

local and federal offenses that arise out of the same unlawful conduct. 41 V.I. at 396-97 (citing *United States v. Wheeler*, 435 U.S. 313, 321 (1978)). The Supreme Court reasoned that the doctrine of dual sovereignty, which allows both the United States and a State to punish the same criminal act because the act offends two separate sovereigns, does not apply in a territory because the territory has no inherent sovereign power but acts merely as the agency of the federal government. *Id*. at 369 n.2 (citing *Wheeler*, 435 U.S. at 321 (1978)).[4]

This Court echoes the sentiment expressed in *Williams*—that it would prefer that criminal matters that are primarily a local concern were handled in the local courts, and also recognizes that the citizenry of the Virgin Islands may feel disempowered by the Supreme Court's declaration that the United States is the only sovereign in the Virgin Islands—however, this Court must execute the laws as they currently exist and therefore rejects defendant's argument that it lacks subject matter jurisdiction over the local crimes charged against him.

An appropriate Order accompanies this Opinion.

**ENTER**:

Dated: February 25, 2010 　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　HONORABLE RAYMOND L. FINCH
　　　　　　　　　　　　　　　　　　　　SENIOR U.S. DISTRICT JUDGE

---

[4] In *Williams* the court found that where the defendant was charged with both territorial and federal witness tampering related to territorial third degree assault charge, the court had no legal authority to dismiss the indictment because the federal charge arising out of the assault had been brought. *Id.* at 397-98.