NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
OF THE VIRGIN ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>Sean GERARD,<br><br>    Defendant. | Crim. No. 09-0013 (AET)<br><br>**OPINION** |

THOMPSON, U.S.D.J.

## I.    INTRODUCTION

This matter has come before the Court upon Defendant Sean Gerard's Motion for a New Trial [docket # 99], pursuant to Fed. R. Crim. P. 33. The government has opposed the motion [100]. The Court has considered the submissions of both parties. For the reasons stated below, Defendant's motion is denied.

## II.  BACKGROUND[1]

This case involves the murder of Alfred Hendricks by Defendant Sean Gerard on May 6, 2009. On June 16, 2009, a Grand Jury returned an Indictment charging Defendant Sean Gerard with Felon in Possession of a Firearm, Receiving a Firearm While under Information, First Degree Murder, and Unauthorized Possession of a Firearm. Government witness Arkeisha Hughes had testified before the grand jury that she had seen Defendant and another person fighting over a bicycle, that Defendant pulled a hammer out of his pants and beat the other person with it, that Defendant then went inside to grab a black-and-gray firearm, and that she ran

---

[1] As this Opinion is written for the parties, the Court will assume familiarity with the facts of the case.

back inside her house after she heard shots fired. (Trial Tr. 82–88, Apr. 12, 2010) [attached as Exhibit A]. Hughes had also identified the Defendant as having worn at the time of the incident a white shirt, "jeans pants," and slippers with a Velcro flap. (*Id.* at 87–90.)

Defendant's trial was held in April of 2010. At trial, Hughes testified that her statement before the grand jury was a lie and that James Rock—the father of her child—had told her what happened and had provided her with details such as the hammer, the black-and-gray firearm, and Defendant's attire. (*Id.* at 90–92.) However, when Rock testified, he stated that he could not remember whether Defendant had worn slippers or sneaker and whether he had worn khaki pants or blue jeans. (*Id.* at 123.) On April 14, 2010, the jury found Defendant guilty of First Degree Murder and Unauthorized Possession of a Firearm [82]. This Court thereafter found Defendant guilty of being a Felon in Possession of a Firearm, and Receiving a Firearm While under Information [84].

Defendant now moves to vacate the verdict and for a new trial under Federal Rule of Criminal Procedure 33, on the grounds that he has newly discovered evidence.[2] Specifically, Defendant has obtained a Declaration from James Rock stating that Hughes was not present at the incident and that Rock believes she simply repeated the information that he had described "as if she had witnessed the shooting herself." (Rock Decl. ¶ 5–7) [99-1]. Defendant argues that the Rock Declaration is material to showing that Hughes's grand jury testimony was improperly admitted and that without her testimony the other evidence would not have supported the jury's verdict. (Mot. for New Trial 6–7) [99]. The government argues in response that Defendant failed to diligently procure the Declaration from Rock and that the Declaration is also cumulative because Hughes testified to the same facts at trial. (Gov.'s Opp'n to Def.'s Mot. for a New Trial 7–8) [100]. The government further argues that the verdict is supported by other evidence such

---

[2] This motion is timely as it has been filed within three years of the verdict. *See* Fed. R. Crim. P. 33(b)(1) ("Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty.")

as Fremont Canton's testimony that he observed Defendant leaving the crime scene, the testimony of Rock and Rashid Ali that they had seen Defendant arguing with the victim shortly before the shooting, and Officer Robert Matthews's testimony that, when he questioned Defendant shortly after the crime, he observed that the Defendant appeared nervous and had scratches on his arm and blood on his shirt. (*Id.* at 6, 8.)

### III. ANALYSIS

Federal Rule of Criminal Procedure 33 provides that a district court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. A new trial should be granted only if "there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted." *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002) (quoting *United States v. Santos*, 20 F.3d 280, 285 (7th Cir. 1994)). In evaluating a Rule 33 motion, a district court "does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case." *Id.* (citing *United States v. Lacey*, 219 F.3d 779, 783–84 (8th Cir. 2000) and *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988)). Five requirements must be met for a court to grant a new trial based on newly discovered evidence:

> (a) the evidence must be in fact newly discovered, i.e. discovered since trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*United States v. Quiles*, 618 F.3d 383, 388–89 (3d Cir. 2010) (citation omitted) (quoting *United States v. Saada*, 212 F.3d 210, 216 (3d Cir. 2000)).

Here, because the above requirements are not met, it is not in the interest of justice to grant a new trial, and therefore we must deny Defendant's motion. That Hughes was not actually

present at the time of the murder is not newly discovered since trial, given that Hughes stated this on the witness stand during the trial. Moreover, we cannot say that such testimony from Rock would have likely produced an acquittal in light of the other incriminating testimony from Fremont Canton, Rashid Ali, and Officer Matthews. Perhaps Rock's testimony might have given the jury an additional reason to discount Hughes' grand jury testimony beyond Hughes's own repudiation of her grand jury testimony. But even then, the jury could have questioned the sincerity of Hughes's denial—and thereby credited her grand jury testimony—considering that she had testified to details about Defendant's attire that Rock did not recall.

Because the Rock Declaration does not constitute new evidence, and because it would not likely have resulted in an acquittal at trial, we must deny Defendant's motion.

## IV. CONCLUSION

For the reasons stated above, and for good cause shown, Defendant's Rule 33 motion for a new trial is DENIED. An appropriate order will follow.

DATED: June ____, 2011

ANNE E. THOMPSON, U.S.D.J.